UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:12-cr-261 |
| | § | |
| JUAN GUTIERREZ | § | |

### MEMORANDUM AND ORDER

The Court is in receipt of Defendant Juan Gutierrez's Motion for Appointment of Counsel and Payment of Transcripts and his sworn Financial Affidavits in support. (Doc. Nos. 189, 203.) Like his co-defendant, Mr. Gutierrez claims indigency and seeks both appointment of his current counsel, Ralph R. Martinez, and a free transcript of the December 2013 trial in this case. That trial resulted in a mistrial after approximately two-and-one-half days. *See* Clerk's Minute Entries for Dec. 16-18, 2013. A re-trial has been scheduled to begin on June 9, 2014.

### I.    FINANCIAL ELIGIBILITY

Mr. Gutierrez was previously determined to be indigent, and he was initially represented in this case by court-appointed counsel. Doc. No. 95. However, Mr. Gutierrez later retained Mr. Martinez to represent him in these proceedings, making another indigency determination appropriate. After reviewing his Financial Affidavits, the Court is persuaded that Mr. Gutierrez is now financially eligible for both appointed counsel and a free transcript. Mr. Gutierrez is not currently employed, has no other source of income, and claims no funds in any bank accounts. He has neither a spouse nor any dependents, and reports no outstanding debt or bills. *See* Doc. Nos. 189, 203. Whether considered under the Criminal Justice Act's ("CJA") "financially unable to obtain counsel" standard, 18 U.S.C. § 3006A(b), or a more searching indigency standard, the Court is satisfied that Mr. Gutierrez's financial situation entitles him to the below relief.

## II.     APPOINTMENT OF COUNSEL

Having determined that Mr. Gutierrez is financially eligible, the Court will appoint Ralph R. Martinez, Mr. Gutierrez's previously retained counsel, to represent Mr. Gutierrez for the pendency of these criminal proceedings. Though the reasons are largely identical to those supporting the Court's earlier decision to appoint previously retained counsel for, and provide a transcript to, his co-defendant, *see* Doc. No. 188, a brief explanation is in order nevertheless.

First, Mr. Gutierrez is charged with felonies under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and 18 U.S.C. § 2. These charges entitle him to appointed counsel, should he satisfy the financial requirements. *See* 18 U.S.C. § 3006A(a)(1).

Further, the CJA provides that:

> If at any stage of the proceedings, including an appeal, the United States magistrate judge or the court finds that the person is financially unable to pay counsel whom he had retained, it may appoint counsel as provided in subsection (b) and authorize payment as provided in subsection (d), as the interests of justice may dictate.

18 U.S.C. § 3006A(c). Subsection (b) is silent as to the appointment of previously retained counsel, but the United States District Court for the Southern District of Texas's plan for implementing the CJA explicitly includes such counsel:

> If at any stage of the proceedings, including an appeal, the court finds that a person who previously did not have counsel appointed under the Act is financially unable to pay counsel whom he or she had retained, the court may appoint counsel as provided in the Act, *including the previously retained counsel*, and authorize such payment as therein provided, as the interests of justice may dictate.

Criminal Justice Act Plan, Gen. Order No. 2006-7, Section IV(D)(2)(b) (S.D. Tex. May 12, 2006) ("CJA Plan") (emphasis added). Although Mr. Martinez is not a member of the United States District Court for the Southern District of Texas's CJA Panel, this provision allows for the appointment of previously retained counsel without regard to membership on the CJA Panel.

2

Mr. Martinez has represented Mr. Gutierrez throughout nearly the entirety of this case, including at the previous trial. The Court finds that his appointment is in the interest of justice because of Mr. Martinez's deep familiarity with the case, the importance of continuity of representation, and because doing so would promote the speedy resolution of the case, thereby conserving both judicial economy and taxpayer expense. Mr. Martinez shall be entitled to payment for this representation as provided by the CJA. *See* 18 U.S.C. §§ 3006A(c)-(d).

### III. TRANSCRIPT OF THE PREVIOUS PROCEEDINGS

"An indigent defendant has both a constitutional and a statutory right to a free transcript of prior proceedings if it is reasonably necessary to present an effective defense at a subsequent proceeding." *United States v. Pulido*, 879 F.2d 1255, 1256 (5th Cir. 1989) (citing *United States v. Johnson*, 584 F.2d 148, 157 (6th Cir. 1978), *cert. denied*, 440 U.S. 918, 99 S. Ct. 1239, 59 L. Ed. 2d 469 (1978); 18 U.S.C. § 3006A(e)(1)). The Supreme Court has extended this right to the situation of a mistrial followed by a subsequent prosecution, but has conditioned that extension somewhat. *See Britt v. North Carolina*, 404 U.S. 226, 92 S. Ct. 431, 30 L. Ed. 2d 400 (1971). The *Britt* Court identified two factors relevant to the determination: 1) the value of the transcript for the subsequent proceeding, and 2) the availability of alternatives. 404 U.S. at 227, 92 S. Ct. at 433-34. The Court concluded that courts may assume that such a transcript is valuable to a defendant in preparation for or in use at the next trial. 404 U.S. at 228, 92 S. Ct. at 434; *see Pulido*, 879 F.2d at 1257 (citing *United States v. Baker*, 523 F.2d 741, 743 (5th Cir. 1975)).

The *Britt* court denied the transcript because it found that there was an adequate alternative available. In those "narrow circumstances," the trials were separated by only one month, and the same counsel represented the defendant at the two trials. The Court relied heavily on defense counsel's concession that, in that small-town's legal community, he could have easily

obtained a great deal of informal assistance from the court reporter. 404 U.S. at 227, 228-29, 92 S. Ct. at 433-35. In view of this, in implementing *Britt*'s requirements, the Fifth Circuit has stated that it will "only infrequently" find adequate substitutes for a transcript. *Pulido*, 879 F.2d at 1257 (citing *Tague v. Puckett*, 874 F.2d 1013 (5th Cir. 1989)).

Just as was the case with his co-defendant, not only is the Court satisfied that Mr. Gutierrez is financially eligible, it also believes that a transcript of the December 2013 trial is necessary for his defense, and that there are no adequate alternatives to such a transcript. While, here, the same counsel will represent the defendant at the second trial, the second trial is not currently scheduled to begin until June 9, 2014, roughly six months after the first trial. *See* Doc. No. 182. In addition, the Court is mindful of the Supreme Court's admonition that it has "repeatedly rejected the suggestion that in order to render effective assistance, counsel must have a perfect memory or keep exhaustive notes of the testimony given at trial," and that it harbors "doubt that it would suffice to provide the defendant with limited access to the court reporter during the course of the second trial." *Britt* at 404 U.S. 229, 92 S. Ct. at 434. Finally, and significantly, defense counsel has not conceded that an adequate alternative to a transcript exists.

IV. **CONCLUSION**

Accordingly, Mr. Gutierrez's Motion is **GRANTED**. For the above reasons, Ralph R. Martinez is hereby **APPOINTED** as counsel for Mr. Gutierrez, and a transcript of the December, 2013 trial will be provided at no expense to him.

**IT IS SO ORDERED**.

**SIGNED** in Houston, Texas, on this the eleventh day of March, 2014.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE