UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:12-cr-261 |
| § | |
| JUAN GUTIERREZ-ALVAREZ *and* § | |
| JUAN GUTIERREZ § | |

### MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Dismiss. (Doc. No. 185.) After considering all of the parties' arguments, the applicable law, and the record in this case, the Court cannot find, as it must in order to grant relief, that the prosecution deliberately provoked a mistrial with the intent of circumventing the protections of the Double Jeopardy Clause. Accordingly, the Court must **DENY** Defendants' Motion.

I. BACKGROUND

The Defendants in this criminal action, Juan Gutierrez ("Gutierrez") and Juan Gutierrez Alvarez ("Alvarez"), have been charged with felonies under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), and 846, and 18 U.S.C. § 2. Trial in this case commenced on December 16, 2013. After two-and-one-half days of trial, Mr. Alvarez took the stand. The prosecution, in its cross-examination, sought to elicit testimony regarding Mr. Alvarez's immigration status. Prior to trial, the prosecution had represented to the Court that it would not attempt to introduce such evidence. Then, before beginning its cross-examination, the prosecution sought leave from the Court to question Mr. Alvarez as to his immigration status. The Court refused to allow such questioning, finding it both irrelevant and prejudicial. Nevertheless, the prosecution proceeded to inquire into Mr. Alvarez's immigration status. Thereafter, upon Defendants' motion, the Court declared a mistrial because of this improper questioning.

1

A second trial is scheduled to begin June 9, 2014. Defendants have filed a motion seeking to dismiss the indictment, arguing that the prosecution should be barred, under the Double Jeopardy Clause, from bringing them to trial a second time.

## II. LEGAL STANDARD

Generally, when a defendant moves for, and is granted, a mistrial, retrial is allowed. *See Oregon v. Kennedy*, 456 U.S. 667, 672-73 (1982); *United States v. Wharton*, 320 F.3d 526, 531-32 (5th Cir. 2003). In *Kennedy*, the Supreme Court determined that the Double Jeopardy Clause may nevertheless bar retrial under certain circumstances. As the Supreme Court analyzed the issue, "the circumstances under which such a defendant may invoke the bar of double jeopardy in a second effort to try him are limited to those cases in which the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial." *Kennedy*, 456 U.S. at 679. The "existence or nonexistence of intent" to provoke a mistrial may be inferred "from objective facts and circumstances." *Id.* at 675.

Importantly, the Supreme Court made it clear that prosecutorial misconduct alone is not sufficient for a retrial to result in a double jeopardy violation: "Prosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* at 675-76. Following this, the Fifth Circuit has determined that retrial is not barred even where the prosecution engages in gross negligence or "intentional conduct that seriously prejudices the defense." *United States v. El-Mezain*, 664 F.3d 467, 561 (5th Cir. 2011) (citing *Wharton*, 320 F.3d at 531-32; *United States v. Singleterry*, 683 F.2d 122, 123 & n.1 (5th Cir. 1982)).

### III.   ANALYSIS

Defendants claim that the prosecution goaded them into moving for a mistrial when it intentionally attempted to introduce irrelevant and prejudicial evidence concerning Mr. Alvarez's immigration status (and, by implication, Mr. Gutierrez's status as well), despite an order from the Court barring such evidence. Defendants contend that the trial was going poorly for the prosecution. They argue that cross-examination by the defense had shredded the credibility of the prosecution's witnesses; that the testimony of those witnesses was inconsistent; that there had been insufficient pre-trial investigation, which had left the prosecution without key evidence; and that there was little evidence to connect Mr. Gutierrez to the alleged conduct. Defendants assert that, in light of all of this, and the prosecution's unexplained disregard for the Court's ruling regarding immigration status evidence, the only way for the prosecution to salvage the case was a second trial. Only a second trial would allow it to better prepare its witnesses and conduct additional investigation. Consequently, they argue, knowing that defense counsel certainly would seek a mistrial, the prosecution deliberately attempted to introduce evidence regarding Defendants' immigration status – evidence which the prosecution had, prior to trial, disclaimed any intent of introducing and which this Court had forbidden.

The prosecution responds that, by its questioning, it intended to address Mr. Alvarez's credibility and criminal history only. The prosecution maintains that it believed that Mr. Alvarez's direct examination testimony had opened the door to cross examination as to his character for being truthful and law-abiding, and that it did not violate or in any way circumvent the Court's order or its prior representation because it did not ask questions directly concerning immigration status or relating to immigration documentation. The prosecution claims that it did not intentionally seek a mistrial with its questioning, but that its questions were instead based on

3

"mistake or inadvertence regarding the scope of the court's order." U.S.' Resp. Mot. Dismiss Based on Double Jeopardy at 6 ("Response"; Doc. No. 225). Moreover, it argues, it had presented to the jury a strong case for conviction of both of the Defendants and therefore had no reason to seek a mistrial. In support, the prosecution not only discusses the progress of the trial and the strength of its position as Mr. Alvarez took the stand, but it also points to its strong opposition to a mistrial when it was requested by Defendants.

The parties discuss in detail four cases, none of which is dispositive. Defendants rely on *Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). In *Wheeler*, following improper questioning by the prosecution, the defendant requested and was granted a mistrial. The trial court refused to bar retrial on double jeopardy grounds; the appellate court reversed. The Texas Court of Criminal Appeals discussed the relevant state and federal double jeopardy standards (including that developed in *Kennedy*) at some length before it ultimately reversed the appellate court and upheld the trial judge's decision. Recognizing that this Court is in no way bound by the decisions of the Texas Court of Criminal Appeals, Defendants do not argue that *Wheeler* is in any way controlling here. Rather, they argue that its discussion of double jeopardy standards provides an illustrative list of the kinds of objective facts and circumstances that at least one court has found informative in adjudicating the question of whether the Double Jeopardy Clause precludes retrial under *Kennedy*. While there is no disputing that the factors outlined by the Texas Court of Criminal Appeals are indeed relevant, they do not govern the outcome here or substitute for this Court's own judgment of this case's particular facts and circumstances – and Defendants agree.

The prosecution offers three cases which it contends are instructive: *United States v. Poole*, 735 F.3d 269 (5th Cir. 2013), *United States v. Dugue*, 690 F.3d 636 (5th Cir. 2012), and

4

*State v. Parker*, 707 S.E.2d 799 (S.C. 2011). The prosecution cites *Poole* in support of the proposition that "a prosecutor's violation of an order is not a basis to dismiss an indictment." Resp. at 10-11. Defendants assert that the prosecution's citation to *Poole* is mistaken because that case dealt with the granting of a new trial under standards applicable to Federal Rule of Criminal Procedure 33(a), but contained no discussion or application of *Kennedy*'s double jeopardy analysis. Defendants are correct that, in *Poole*, the Fifth Circuit did not undertake an analysis of prosecutorial intent as required under *Kennedy*; the Court therefore agrees that it is inapposite to this case.

By contrast, in *Parker* and *Dugue,* the South Carolina Supreme Court and the Fifth Circuit, respectively, *were* called upon to adjudicate motions to dismiss under *Kennedy*. As is the case with *Wheeler*, *Parker* and *Dugue* are relevant, but not dispositive. They too offer the Court examples of how other courts – including the Fifth Circuit – have undertaken the *Kennedy* analysis and the kinds of factors they have found persuasive. Defendants are correct that the only appropriate inquiry under *Kennedy* is prosecutorial intent, judged according to the facts and circumstances of *this* case. *Parker* and *Dugue* are exactly what the prosecution claims them to be – instructive – nothing more, and nothing less. They are not dispositive, but the Court does not take the prosecution to be arguing that they are. Like *Wheeler*, the Court will consider them in its assessment of the facts and circumstances of this case.

Turning, then, to those facts and circumstances, the Court initially notes that the parties have provided it with detailed explanations of why the prosecution's case was – or was not – headed towards conviction. Even assuming that Defendants are correct, that the prosecution's case was weak and acquittal was likely, the Court cannot find that Defendants have met their burden to demonstrate that the prosecution *intended* to obtain a *mistrial*.

5

Defendants make much of what they characterize as the prosecution's unexplained abandonment of its pre-trial representation that it would not seek to introduce anything regarding Defendants' immigration status, and argue that it only did so in an effort to seek a second "bite at the apple." Defs.' Supp. Mot. Dismiss and Reply Gov't's Resp. at 20 ("Supplemental Mot. Dismiss"; Doc. No. 230). Defendants assert that the introduction of such evidence would have been prejudicial to their defense: "[T]he jury would likely convict regardless of the presence of reasonable doubt if they heard evidence that the Defendant Alvarez was in the United States illegally." *Id.* at 10. An attempt to introduce such prejudicial evidence may indeed support an inference that the prosecution intended to provoke Defendants into seeking a mistrial, particularly because Defendants had previously objected to such evidence. However, that the introduction of such evidence would so prejudice Defendants' case also supports an inference that, rather than merely settling for a second bite at the apple, the prosecution intended to stop at nothing to secure a conviction. Though such a motivation may be improper, the prosecution observes, it cannot nevertheless justify dismissal under *Kennedy*. Resp. at 11 (citing *United States v. Oseni*, 996 F.2d 186, 188 (7th Cir. 1993) ("The only relevant intent is intent to terminate the trial, not intent to prevail at this trial by impermissible means.")).

Defendants also argue that the prosecution had difficulty discrediting Mr. Alvarez during cross-examination, and that is why it resorted to attempting to introduce inadmissible evidence regarding his immigration status. In addition, Defendants point to what they view as the prosecution's repeated attempts to circumvent the Court's ruling, citing its sustained inquiries into Mr. Alvarez's work and residential histories. These arguments can be faulted for the same reason as the first, however – they too are consistent with the theory that the prosecution was simply seeking to win a conviction at all costs. These arguments may well support Defendants'

6

contention that the prosecution's case was weak, but they do not suffice to demonstrate that the prosecution's intent was to thwart the protections of the Double Jeopardy Clause, even when considered with the conduct described above. *See Wharton*, 320 F.3d at 531-32 (requiring "'intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.'") (emphasis removed) (quoting *Kennedy*, 456 U.S. at 675-76).

The Court finds this alternative explanation particularly plausible when it considers that the prosecution vigorously urged *against* a mistrial, something which Defendants neglect to discuss. *See Dugue*, 690 F.3d at 637 (noting that the prosecution opposed mistrial); *El-Mezain*, 664 F.3d at 561-62 (considering plausible alternative explanation of prosecutor's conduct supported by record); *Wharton*, 320 F.3d at 532 (noting that the prosecution opposed mistrial). The prosecution stated several reasons on the record opposing a mistrial, and strenuously argued that its actions did not support a mistrial.

Moreover, the prosecution repeatedly explained at length why it believed that its questioning comported with the Court's ruling. Tr., Third Day of Jury Trial 48:1-57:19, Dec. 18, 2013 (Doc. No. 176-1). Indeed, the prosecution vehemently asserted at trial, and in its briefing on this motion, that it misapprehended the *scope* of the Court's orders, and believed that its questioning was entirely appropriate because it did not *directly* address immigration status. Defendants conclusorily dismiss the prosecution's excuses as implausible, disingenuous, and not in good faith. The prosecution's conduct is suggestive of any number of things, including negligence and prosecutorial misconduct. But, while the prosecution's explanation for that conduct may indeed be weak, the Court cannot find that this record demonstrates an intent to circumvent the Double Jeopardy Clause. *See Dugue*, 690 F.3d at 638 (affirming denial of motion to dismiss even though "[t]he prosecutor displayed overreaching and unprofessional conduct in

ignoring the district court's two orders" and the prosecution's excuse was "certainly unacceptable"). For these reasons, the Court must conclude that Defendants have not carried their burden.

## IV. CONCLUSION

The Court does not treat lightly any defendant's invocation of his constitutional rights. Indeed, careful consideration is always required to ensure that all of a defendant's constitutional rights are scrupulously honored. Bearing this is mind, the Court is nevertheless satisfied that, upon review of the record in this case, as well as the Supreme Court's *Kennedy* decision and the applicable precedent interpreting it, dismissal of the indictment is not warranted. Defendants' Motion to Dismiss is, accordingly, **DENIED**.

Defendants have informed the Court that they will immediately appeal any denial of their motion. *See* Doc. No. 236. In order to determine whether the filing of such an appeal would divest a district court of jurisdiction, the Fifth Circuit has instructed district courts to assess whether a motion to dismiss based on double jeopardy is frivolous. *United States v. Shelby*, 604 F.3d 881, 884 n.1 (5th Cir. 2010) ("In this circuit, district courts follow a 'summary procedure' under which the district court is required to assess, after considering the merits of the motion to dismiss on the basis of double jeopardy, whether the motion is frivolous. If the district court makes such a finding, then an interlocutory appeal from the denial of that motion does not deprive the district court of jurisdiction to proceed with trial.") (citing *United States v. Dunbar*, 611 F.2d 987, 988 (5th Cir. 1980)).

Here, the Court cannot find that Defendants' motion was frivolous. Unlike the frivolous motion in *Dunbar*, Defendants' motion was not based on a "purely legal" argument "which was foreclosed by numerous decisions" of both the Supreme Court and the Fifth Circuit. *United*

*States v. Kalish*, 690 F.2d 1144, 1154 (5th Cir. 1982); *see also Shelby*, 601 F.3d at 885 (citing *United States v. Bobo*, 419 F.3d 1264, 1267 (11th Cir. 2005) ("[F]rivolous claims and arguments that have already been squarely decided by precedent do not afford appellate courts jurisdiction to review interlocutory orders.")). Rather, it was highly fact-bound. Further, although the Court's analysis of the record led it to a conclusion different from that of the Defendants, the Court cannot say, based on this record, that Defendants' motion lacked "*arguable* validity." *Shelby*, 601 F.3d at 887 (emphasis added). Accordingly, the Court also **FINDS** that Defendants' Motion to Dismiss is not frivolous for the purposes of interlocutory appeal.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the third day of June, 2014.

*[signature]*

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE