United States District Court
Southern District of Texas
**ENTERED**
December 13, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal Action No. H-12-261-3 |
| | § | |
| JUAN GUTIERREZ | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is defendant's *pro se* motion to vacate, set aside, or correct

his sentence under 28 U.S.C. § 2255, predicated on a claim of actual innocence. (Docket

Entry No. 349.)

Having considered the motion, the record, and the applicable law, the Court **DENIES**

the motion for the reasons shown below.

### I.  PROCEDURAL BACKGROUND

On November 9, 2016, a jury convicted defendant of conspiracy to possess with the

intent to distribute 500 grams or more of methamphetamine and possession with the intent

to distribute 500 grams or more of methamphetamine, aiding and abetting.  He was

sentenced to two concurrent 135 month sentences and a judgment of conviction was entered

on January 26, 2017.  The United States Court of Appeals for the Fifth Circuit affirmed the

convictions on October 27, 2017.

Two years later, on October 29, 2019, defendant filed a *pro se* motion for relief under

Rule 60(b)(2) of the Federal Rules of Civil Procedure ("FRCP"), claiming actual innocence

based on an affidavit executed by his brother-in-law, George Guajardo.  In compliance with

*Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000), the Court determined that the Rule 60(b) motion should be recharacterized as a section 2255 motion for relief. *See United States v. Feliz*, 537 F. App'x 406, 407 (5th Cir. July 25, 2013). In compliance with *Castro v. United States*, 540 U.S. 375, 383 (2003), the Court gave defendant notice of its intent to recharacterize the motion as a section 2255 motion, warned him that this recharacterization meant that any subsequent section 2255 motion would be subject to the restrictions on "second or successive" motions, and provided him an opportunity to withdraw the motion or to amend it so that it contained all the section 2255 claims he believed he had. (Docket Entry No. 350.) Defendant subsequently requested additional time to comply with the *Castro* warnings order, and the Court granted him an extension until February 3, 2020.

To-date, defendant has failed to respond to the *Castro* warnings order. Accordingly, the Court recharacterizes defendant's Rule 60(b) motion as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1]

## II.  LEGAL STANDARDS

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255:  (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the

---

[1]Defendant's Rule 60(b)(2) would have been subject to dismissal as untimely. A Rule 60(b)(2) motion based on newly discovered evidence must be filed no later than one year after the entry of judgment. FED. R. CIV. P. 60(c)(1). Defendant did not file his motion within the required one-year timeframe.

2

maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996).

Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v. Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III.  FACTUAL BACKGROUND

The affiant in the affidavit submitted by defendant, George Guajardo, testified for the Government at defendant's jury trial. He testified that, when he met with two other individuals who proposed a "drug deal," he called defendant, who told him to give them his (defendant's) number. (Docket Entry No. 335, pp. 198, 200.) Guajardo testified that defendant told him to meet at a certain restaurant, where defendant and others discussed the proposed drug deal. *Id.*, pp. 201–207. Guajardo learned after the meeting that one of the potential buyers at the meeting, "Al," was a narcotics officer and he decided to cooperate with federal investigators so they would "cut [him] a deal." *Id.*, pp. 207–208.

Alfonso "Al" Alvarez, an undercover narcotics officer employed by the City of Pasadena, testified that he met with Guajardo to discuss a potential drug transaction, and that Guajardo said he could arrange a drug deal for them. *Id.*, pp. 106–09. Alvarez testified

3

that Guajardo gave him defendant's telephone number and told him to call. *Id.*, p. 110.
Alvarez was told to go to another restaurant, where he met with defendant and other
individuals to discuss the transaction. *Id.*, p. 114. Defendant was part of the transaction
negotiations. *Id.*, p. 144. Alvarez later spoke with defendant by telephone, who told him
that everything was good and that they were driving in from out of town. *Id.*, p. 126.
Alvarez acknowledged that he did not see defendant at two of the "deal" meetings, but that
at one meeting where defendant was present, everyone reached an agreement as to the drug,
the amount, and the price. *Id.*, pp. 150, 170. Alvarez later dealt with individuals other than
defendant in making delivery and payment arrangements.

DEA agent Jaime Fernandez testified that following the drug bust and arrests on
April 10, 2012, they were unable to locate defendant. They contacted Guajardo, who agreed
to cooperate with them. *Id.*, p. 177. Guajardo identified defendant as his brother-in-law or
former brother-in-law and provided his full name and location. *Id.* Defendant was
subsequently indicted and arrested. Guajardo was not indicted or prosecuted.

On appeal, the Fifth Circuit Court of Appeals found the evidence sufficient to support
defendant's conviction:

> The evidence presented at trial regarding Gutierrez's participation in the
> conspiracy was not limited to his mere presence at the March 6 meeting.
> Gutierrez actively participated in the negotiations of the narcotics deal at that
> meeting. He provided his phone number as a contact for the transactions. His
> brother-in-law testified that Gutierrez instructed him to give Gutierrez's
> phone number to the undercover officer for the purpose of arranging the
> initial meeting. Phone records revealed numerous contacts between Gutierrez
> and the other conspirators throughout the existence of the conspiracy. These

4

facts provide sufficient evidence for a jury to rationally conclude that
Gutierrez knowingly participated in the conspiracy.

*   *   *   *   *

The facts presented at trial show that Gutierrez participated in orchestrating
the sale of two kilograms of methamphetamine to Officer Alfonso Alvarez.
Considering the evidence discussed above and all reasonable inferences in the
light most favorable to the Government, a reasonable jury could rationally
conclude that Gutierrez actively participated and associated with the venture
and that he possessed the requisite criminal intent.

*United States v. Gutierrez*, No. 17-20067 (5th Cir. Oct. 27, 2017).

Guajardo states in his affidavit dated September 2, 2019, that he intentionally lied to

federal agents investigating the drug transaction in order to obtain "benefits." (Docket Entry

No. 349.) Guajardo further stated that defendant did "not have nothing [*sic*] to do with this

transaction of drugs" and that defendant was "actual [*sic*] innocent" of the charges. *Id.* No

further explanatory information or details are proffered.

Liberally construed, defendant's motion asserts actual innocence predicated on

Guajardo's affidavit as new evidence.

## IV.  ANALYSIS

A.    Actual Innocence

Defendant claims that his convictions should be set aside because Guajardo's

affidavit proves he is actually innocent. He raises no other habeas claims. Thus, defendant

is seeking federal habeas relief under a freestanding claim of actual innocence. However,

neither the Supreme Court of the United States nor the Fifth Circuit Court of Appeals has

recognized a claim of actual innocence as an independent ground for federal habeas relief. *See In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009) (holding that the Fifth Circuit does not recognize a freestanding claim of actual innocence on federal habeas review); *Burton v. Stephens*, 543 F. App'x 451, 458 (5th Cir. 2013) (unpublished) ("The Supreme Court has not recognized actual innocence as an independent ground for federal habeas corpus relief."). *See also Foster v. Quarterman*, 466 F.3d 359, 367 (5th Cir. 2006) ("[A]ctual innocence is *not* an independently cognizable federal habeas claim.") (emphasis in original); *Matheson v. United States*, 440 F. App'x 420, 421 (5th Cir. 2011) (per curiam) (applying this rule in the section 2255 context).

A claim of actual innocence is not a freestanding constitutional claim but, rather, an equitable "gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Sclup v. Delo*, 513 U.S. 298, 315 (1995); *Rocha v. Thaler*, 626 F.3d 815, 824 (5th Cir. 2010). However, defendant's motion does not present a gateway claim of actual innocence, and no cognizable habeas claim is presented.

Even assuming this Court were to consider defendant's claim of actual innocence, Guajardo's affidavit fails to meet the exacting standards for new evidence of actual innocence set forth by the Supreme Court and Fifth Circuit. A showing of actual innocence is rare and requires a petitioner to show that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013); *Schlup v. Delo*, 513 U.S. at 329. A showing of actual

innocence requires a petitioner to produce "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence"—sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin*, 569 U.S. at 386; *Schlup*, 513 U.S. at 324, 329; *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018). Although the Supreme Court has not defined "new reliable evidence" in this context, the Fifth Circuit has held that evidence that "was always within the reach of [the petitioner's] personal knowledge or reasonable investigation" does not qualify as new. *Hancock*, 906 F.3d at 389–90 & n.1. It bears noting that the Fifth Circuit has repeatedly admonished that "recanting affidavits and witnesses are viewed with extreme suspicion by the courts." *Spence v. Johnson*, 80 F.3d 898, 1003 (5th Cir. 1996); *accord United States v. Gresham*, 118 F.3d 258, 267 (5th Cir. 1997); *Baldree v. Johnson*, 99 F.3d 659, 663 (5th Cir. 1996).

Here, defendant proffers as "new evidence" Guajardo's affidavit testimony that defendant did "not have nothing [*sic*] to do with this transaction of drugs" and that he was "actual [*sic*] innocent" of the charges. Defendant necessarily contends that, given this affidavit testimony, "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." The Court disagrees. Guajardo's statement that defendant was actually innocent does not constitute new, reliable evidence; rather, it stands as a legal conclusion and personal opinion as to defendant's innocence. Moreover, trial witnesses other than Guajardo testified to defendant's involvement and participation in the transaction,

7

and Guajardo's statement that defendant had nothing to do with the drug transaction would constitute little more than conflicting evidence or potential impeachment evidence for the jury to weigh along with other trial evidence.

The Court cannot find that a reasonable juror would have afforded Guajardo's affidavit testimony more weight than the trial testimony of the federal and state agents and investigators. In light of the trial record as a whole, the Court declines to find that "no juror, acting reasonably, would have voted to find [defendant] guilty beyond a reasonable doubt" had Guajardo testified in conformity with his affidavit.

B.    Rule 33

Although governing Supreme Court and Fifth Circuit precedent forecloses consideration of defendant's actual innocence claim in this habeas proceeding, defendant was not without legal recourse as to his brother-in-law's affidavit. Rule 33 of the Federal Rules of Criminal Procedure permits a district court to vacate judgment and grant a new trial "if the interest of justice so requires." The rule provides for the filing of a motion for new trial based on new evidence if filed within three years after the jury's verdict. A Rule 33 movant must meet specific requirements, including a showing that the new evidence "would probably produce an acquittal" if introduced at a new trial. *See United States v. Wall*, 389 F.3d 457, 467 (5th Cir. 2004). In the instant case, the jury reached its verdict on November 9, 2016, and petitioner filed his Rule 60(b) motion on October 29, 2019, within the three year post-verdict timeframe.

8

However, even if this Court were to review defendant's Rule 60(b) motion as one brought under Rule 33, he would not be entitled to relief. Defendant does not argue, much less demonstrate, that the affidavit testimony, if introduced at a new trial, would probably produce an acquittal. The trial record as a whole shows that witnesses other than Guajardo testified as to defendant's involvement in the criminal conspiracy and his aiding and abetting possession of methamphetamine with intent to distribute. Even assuming Guajardo were allowed to testify at a new trial that defendant did "not have nothing [*sic*] to do with this transaction of drugs" and that he was "actual [*sic*] innocent" of the charges, the testimony would present conflicting or potential impeachment evidence, not proof of actual innocence. *See Wall*, 389 F.3d at 467 (noting that "new evidence" under Rule 33 cannot be cumulative or impeachment evidence).

For these reasons, the interest of justice would not require that defendant be granted a new trial under Rule 33.

## V.  CONCLUSION

Defendant's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (Docket Entry No. 349) is **DENIED**. A certificate of appealability is **DENIED**.

Signed at Houston, Texas, on this the __*12*__ day of December, 2022.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

9